# Naugle, Appellant, *v.* Nescopeck Township.

*Arbitration—Bradford county reference Act of April 6, 1869, P. L. 725—Power of referee.*
1. Under the Bradford county reference Act of April 6, 1869, P. L. 725, a referee has the power to enter a nonsuit in a proper case.

*Bridges—Township—Fords—Nuisance.*
2. A township is bound to maintain a ford in good condition as a part of a public road, but it is not bound to construct a bridge instead

of maintaining a ford at a particular place so that some particular landowner may have his property benefited and enhanced in value by affording him access to it at times of high water. In such a case the fact that such landowner uses the road more frequently than others is immaterial, inasmuch as his injury or inconvenience, although greater in degree, is the same in kind as that of the general public.

Argued April 13, 1909. Appeal, No. 381, Jan. T., 1908, by plaintiff, from order of C. P. Luzerne Co., June T., 1906, No. 51, confirming report of referee in case of William A. Naugle v. Nescopeck Township. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages to land.

The case was referred to G. J. Clark, Esq., who reported as follows:

At the close of plaintiff's evidence the defendant moved for a compulsory nonsuit for reasons given, which reasons are attached to the testimony. After careful consideration the referee is of the opinion that the motion should prevail. Under the Bradford county reference Act of April 6, 1869, P. L. 725, a trial before a referee is conducted in the same manner as a trial by the court with a jury, and it would be a fair general statement to say that the referee has all the powers of a judge in such trial, including the power to enter nonsuit in a proper case. If the plaintiff on his own evidence is not entitled to recover he ought not to ask the defendant to go to the expense of producing witnesses and trying a case already lost. If the referee state findings of fact and conclusions of law upon the plaintiff's own showing the plaintiff certainly ought not to complain of not having a full trial. Holding, therefore, that a referee has the power, in a proper case, to enter a nonsuit, I have carefully examined the evidence and have stated findings of facts and conclusions of law, the controlling conclusion being that the plaintiff is not entitled to recover in this action.

This is an action of trespass by William A. Naugle against the township of Nescopeck by reason of the township authorities failing to keep a public road in proper condition so that

Naugle could at all times pass and repass along the same with the products of his mills and farm. By reason of being unable to travel this road Naugle claims he was greatly damaged. We may concede at once that had the creek been bridged and the road kept in good condition the Naugle property would have been much more desirable as a business place and farm and consequently much more valuable. But when we attempt to charge this loss on the township several important questions present themselves. Is it mandatory on a township to bridge every stream crossed by a public road? No law to that effect has been produced. It is well known that all over the state many streams of water on cross roads and roads where there is little travel are crossed by public roads at fords. Where so crossed it is the duty of the municipality to keep the ford in good condition as a part of the public road, but travelers must take notice of high water and if inconvenienced thereby have no right to claim damages from the municipality. By the high water between Kingston and Wilkes-Barre many people have been very seriously inconvenienced at times, yet there has never been a suggestion that any municipality is liable in damages. So in this case with Mr. Naugle. No doubt he has been seriously inconvenienced by high water, but the resulting loss cannot be charged to the township. If he had occasion to cross the stream many times his inconvenience and resulting loss would be great, but there would be no more reason for charging it on the township.

The building of a bridge is a matter of judgment and discretion on the part of the municipal authorities and involves the question of necessity as measured by the demands of public travel, the kind required and the ability of the municipality. In this case I can readily understand how the expense of building two bridges over this stream so near together would be entirely disproportioned to the ability of the township in view of any demand of public travel. Mr. Naugle does not contend that the general public travel would be greatly benefited by such bridges, but rather contends that his property would be greatly benefited and enhanced in

value by affording him convenient access at all times. Suppose no road at all led to the Naugle farm and by proceedings in the quarter sessions one should be laid out and ordered opened but the township authorities should wholly neglect to open it. Could Naugle as a private citizen in his individual right compel the township authorities to open the road so that his land might be benefited?

This may well be answered in the language of the Supreme Court in Heffner v. Commonwealth, 28 Pa. 108. (Change alley to read road.)

"He has no more right to call on the municipal authorities to open an alley to put money into his pocket than he would have to require them to build him a house. The ground on which his action rests is his right of passage—his right is to enjoy the alley as an alley—and this right is not peculiar to him but common to the whole town, and therefore a subject of public concernment."

The right of Naugle in the public road crossing his land is to use it as a road, and this is a right common to all who choose to travel that way. To ascertain his damages we must necessarily determine that some right has been infringed. Mr. Naugle's early life was spent on this farm, and he bought it twenty years ago with full knowledge of its situation. He erected and improved his planing mill, feed and sawmill and cider mill, and now complains that he could not do business because the township authorities failed to keep the public road in repair. It was testified that $250 would have put the road in good repair including the fords, and it seems strange that Mr. Naugle would suffer the loss he claims when it could have been so easily avoided even if done at his own expense. The substantial gist of his complaint is that the township would not erect bridges over this creek at the fords so that he could at all times cross with the products of his mills and farm, his children could cross to attend school and the high water and winter isolation of his place be thus overcome.

Counsel for plaintiff conceded the rule of law to be that to warrant a recovery in this action Mr. Naugle must prove that

his injury is "different in kind from that suffered by the general public and not merely one that is greater in degree," 21 Am. & Eng. Ency. of Law (2d ed.), 714, and in their brief set forth seven reasons why Mr. Naugle was injured in a manner different in kind and degree from the general public. These may all be properly included under the seventh, viz.: Access to his farm has been practically shut off.

His farming and mill business all depended on access, and, the desirability of the farm as a home depended on access to school, etc. If the public roads did not furnish satisfactory means of access Mr. Naugle could invoke the laws of the state to give him a private road. The fact that a man by choice or necessity locates along a stream does not of right give him a road or bridge the most convenient way out at public expense. When Mr. Naugle bought his farm and improved his mills he knew the conditions and situation and ought not to complain that the township should build bridges to make his mills and farm profitable. Were it the law that a township must build bridges whenever a landowner desired to enhance the desirability or value of his property I apprehend the burden of taxation would soon be very grievous. As before remarked the gist of the complaint is the failure of the township to put the fords in such condition that access to the Naugle farm could be had at all times. This could only be done by bridging.

That this road, if bridged, would be a convenient and valuable highway for Mr. Naugle cannot be doubted, but to say that he has a private right of action against the township for injuries suffered by being denied such a highway is an entirely different proposition.

In Buck Mountain Coal Co. v. Lehigh Coal, etc., Co., 50 Pa. 91, the plaintiff complained that it had expended large amounts of money in roads, buildings, etc., to reach the canal and had shipped coal that way for over twenty years and had no other outlet. The canal was washed out by a flood, and plaintiff lost over $50,000 a year by being unable to ship coal. The bill was to compel the defendant to repair the canal so that plaintiff could ship coal.

The relief was denied. The Supreme Court said:

"It seems to us they are not the proper parties to enforce this duty on the part of the company to the public, in the absence of any such special injury to themselves or property; and by this we mean any injury, special in its operation, resulting from a failure to perform some specified duty to them, or to make compensation for injury and deterioration to their property, as contradistinguished from injury to them in common with the whole public, in the loss of a convenient and valuable highway."

Pittsburg, etc., R. R. Co. v. Jones, 111 Pa. 204, was an action to recover damages for interference with a ferry landing at a public street. The syllabus gives the gist of the contention on the point that Jones having an exclusive ferry right was specially damaged, viz.:

"When through the construction of a railroad bridge the travel upon a public highway is obstructed, such obstruction is a public nuisance and the injury to the owner of a ferry whose landing is at the terminus of said highway cannot maintain a private action for such obstruction, his injury though greater in degree, being of the same character as that offered by the public at large."

Gold v. Philadelphia, 115 Pa. 184, is an action for damages for non-repair of a highway by reason of which the plaintiff claims to have suffered special injury to her business of innkeeper—the road was so bad that travel was diverted to other roads.

It was ruled that the neglect of duty on the part of the city though causing loss to the plaintiff was a damage similar in kind though greater in degree to that suffered by all persons having occasion to use the road.

I am unable to distinguish the case at bar, in principle, from the Gold case. Both arise from non-repair of a public road, and the Supreme Court said in the Gold case (p. 198):

"If we once throw open the door to a recovery in such cases, how are we to measure the extent to which a public highway may be out of repair to entitle owners of property abutting thereon to recover damages. Such questions would

have to be referred to a jury whose standard of duty would be as shifting as their verdict would be uncertain and in many instances oppressive."

Apparently Mr. Naugle has assumed that by reason of this being the only road over which he could travel to and from his property he has suffered special injury by its non-repair. I am unable to see where he has any special property right or special right of passage over this road. Being a public road all persons having occasion to pass that way had the same right as Mr. Naugle to use the road. His injury was greater in degree because he had occasion to use the road more frequently than others, but it was of the same kind. Any person traveling over the road would meet the same obstructions—the stones, ruts, holes, sand, the creek, the stones in the fording places—as would Mr. Naugle. His injury was greater because of frequency with which he desired to use the road, but it was no different in kind from that suffered by the public generally. The bad road affected all travelers in the same manner.

The plaintiff relies upon Stetson v. Faxon, 36 Mass. 147, which is a case of one individual against another for obstructing a public road, and Knowles v. Railroad Co., 175 Pa. 623, which is another action by an individual against a private corporation for obstructing a public road. An examination of authorities will show that the rules applied in such cases are different from the ones applied against a municipal corporation.

Thus in Massachusetts, Willard v. Cambridge, 85 Mass. 574, the city removed bridge plank and kept them up for sixteen days, preventing the plaintiff from reaching his wharf. In his action for damages the court said:

"No doubt the annoyance and injury by the acts alleged were much greater in amount than those which were caused to any other person having occasion to use the same highway. But it was a similar sort or species of damage. The manner and nature of plaintiff's business did not change the kind of damages but only increased the extent of the injury," and in Blackwell v. Old Colony R. R. Co., 122 Mass. 1, where there

was a total obstruction to the navigation of a public stream, the court said:

"The fact that the plaintiff alone now navigates the stream or has a wharf thereon at which he carries on business only shows that the present consequential damages to him may be greater in degree than to others but does not show that the injury is different in kind or that other riparian owners and the rest of the public may not, whenever they use the stream, suffer in the same way."

The other cases cited by plaintiff are actions for injuries through defects in the highway and the like, and are not in point in this case where the claim is not for damages received in the use of the road but for damages because plaintiff could not use the road at his pleasure.

I have examined cases from many states and in no state do I find a rule different from our own case of Gold v. Philadelphia, 115 Pa. 184, which follows the rule in other states as is shown in the report of the referee in that case.

I am now satisfied that in receiving plaintiff's evidence an erroneous measure of damages was adopted, but as the plaintiff is held not entitled to recover, the measure of damages adopted is immaterial.

On the whole case the referee holds that the injuries suffered by the plaintiff, though much greater in degree, were of the same kind as the injuries to other persons by reason of the neglect of the township authorities to repair the highway and the plaintiff has no right of action.

A judgment of nonsuit is entered.

The court confirmed the report of the referee.

*Error assigned* was the order confirming the report of the referee.

*George McLaughlin*, with him *R. J. Dever*, for appellant.— An abutting owner has his right of ingress and egress, and if he sustains private or particular injury not common with the nuisance to the public, may have his redress: Thomas v. Street Ry. Co., 167 Pa. 120; Hopkins v. Mfg. Co., 180 Pa.

199; Pittsburg v. Scott, 1 Pa. 309; Penna R. R. Co.'s App., 115 Pa. 514; Barker v. Hartman Steel Co., 129 Pa. 551; Penna. Schuylkill Valley R. R. Co. v. Reading Paper Mills, 149 Pa. 18; Gallagher v. Phila., 4 Pa. Superior Ct. 60; Knowles v. R. R. Co., 175 Pa. 623; Stetson v. Faxon, 36 Mass. 147; Gold v. Phila., 115 Pa. 184.

This case is not controlled by Gold v. City of Phila., 115 Pa. 184, but is governed by the principles of the following cases: Stetson v. Faxon, 36 Mass. 147; Brayton v. City of Fall River, 113 Mass. 218; Pittsburg v. Scott, 1 Pa. 309; Penna. Railroad Co.'s Appeal, 115 Pa. 514; In re Melon Street, 182 Pa. 397; rev'd 1 Pa. Superior Ct. 63; Barker v. Hartman Steel Co., 129 Pa. 551; Penna. Schuylkill Valley Railroad Co. v. Paper Mills, 149 Pa. 18; Gallagher v. Philadelphia, 4 Pa. Superior Ct. 60; Phila. & Trenton R. R. Co. v. Phila. & Bristol Pass. Railway Co., 6 Pa. Dist. Rep. 487.

*Frank McCormick*, for appellee.

PER CURIAM, May 20, 1909:

The referee found as a fact that the injury or inconvenience to the plaintiff while greater in degree was the same in kind as that of the public. The court approved this finding and we have not been convinced that it was error.

Judgment affirmed.